UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:06-CR-46-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL LONDON NEWKIRK | ) | |
| | ) | |

This matter is before the court on defendant's letter received 26 June 2015. (DE # 63.) In the letter defendant requests that the court terminate or lower his fine because he does not make enough money in prison to pay it. To the extent this letter could be deemed a motion, it will be denied for the following reasons.

As part of defendant's sentence in 2006, the court imposed a fine of $10,900 to be paid by defendant in full immediately. Defendant appealed but apparently did not challenge the imposition of the fine. (See slip op., DE # 42.)

Other than on appeal, a fine may be modified on the government's motion pursuant to 18 U.S.C. § 3573 or on a motion to correct a sentencing error pursuant to Federal Rule of Criminal Procedure 35. See 18 U.S.C. § 3572(c); United States v. Jeffrey, No. CR 111-273, 2015 WL 556431, at *1 (S.D. Ga. Feb. 10, 2015). Obviously, here it is *defendant*, not the government, who seeks modification of the fine, and defendant's request was made well outside Rule 35's requirement of making a motion within 14 days of sentencing. Therefore, the court cannot modify defendant's fine on either of these grounds.

Additionally, a defendant may seek modification of a fine pursuant to 18 U.S.C. § 3572(d)(3). Jeffrey, 2015 WL 556431, at *1. However, that provision is only applicable to a

judgment for a fine which permits payments in installments, 18 U.S.C. § 3672(d)(3), which, as noted, the court did not permit here.

The court is without authority to modify defendant's fine. Accordingly, the motion is DENIED.

This 17 July 2015.

                                                     W. Earl Britt
                                                   Senior U.S. District Judge